IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION


CLEMENTE VALDEZ-PIEDRA, #14135-078 §

VS.                                       §            CIVIL ACTION NO. 4:12cv468
                                                       CRIMINAL ACTION NO. 4:06cr315(9)

UNITED STATES OF AMERICA          §


REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant Clemente Valdez-Piedra,  a prisoner confined  at CCA Eden Detention Center in

Eden, Texas,  proceeding *pro se*, filed the above-styled and numbered motion to vacate, set aside or

correct his sentence pursuant to 28 U.S.C. § 2255.  The motion was referred for findings of fact,

conclusions of law and recommendations for the disposition of the case.

Background

On January 1, 2008, after pleading guilty, the Court sentenced Movant to 168 months of

imprisonment for conspiracy to possess with intent to manufacture and distribute methamphetamine,

in violation of 18 U.S.C.  § 846.  Movant did not file a direct appeal.

The present motion was filed on July 25, 2012.  In his motion, Movant claims that he is

entitled to relief because his trial counsel was ineffective, his plea agreement and sentence were

invalid, and the court incorrectly applied the sentencing guidelines.  The Court did not order

Respondent to file a Response.

1

Antiterrorism and Effective Death Penalty Act of 1996

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law.  A one year statute of limitations was enacted for motions to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255.  In general, a movant for collateral relief has one year from "the date on which the judgment became final" to file a motion challenging a conviction. A conviction is final under § 2255 when a defendant's options for further direct review are foreclosed.  *United States v. Gamble*, 308 F.3d 536, 537 (5th Cir. 2000);  *United States v. Thomas*, 203 F.3d 350, 352 (5th Cir. 2000).  When a defendant fails to file a timely notice of appeal from the judgment of the trial court, the conviction is final upon the expiration of the time for filing a notice of appeal, which is ten days after the entry of the judgment.  Fed. R. App. P. 4(b).  *See, e.g., Wims v. United States*, 225 F.3d 186, 188 (2nd Cir. 2000).

In the present case, Movant was sentenced on January 8, 2008,  and his notice of appeal was due ten days later.  Fed. R. App. P. 4(b).  Movant did not file a notice of appeal; consequently, his conviction became final for purposes of § 2255 on January 22, 2008.  *See Plascencia v. United States*, 2005 WL 2124465 (N.D. Tex. 2005) (Not Reported in F. Supp.2d);[1]  *United States v. Cabrera*, 2005 WL 1422154 (N.D. Tex. 2005) (Not Reported in F. Supp.2d).  The present § 2255 motion had to be filed within one year from the date on which the judgment became final; thus, Movant had until January 22, 2009,  in which to file his motion.  It was not filed until July 25, 2012. The present § 2255 motion was filed three years, 6 months and three days beyond the limitations period.

---

[1] The movant in this case, Plascencia, filed a motion for Certificate of Appealability, which was granted.  However, on June 26, 2007, the Fifth Circuit dismissed the case for want of prosecution.  *See* No. 05-11169 (5th Cir.).

The United States Supreme Court confirmed that the AEDPA statute of limitation is not a jurisdictional bar, and it is subject to equitable tolling. *Holland v. Florida*, 560 U.S. —, 130 S. Ct. 2549, 2560, 177 L. Ed.2d 130 (2010).  "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoting *Holland*, 130 S. Ct. at 2562).  "Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 20902).  The petitioner bears the burden of proving that he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

The Fifth Circuit has held that the district court has the power to equitably toll the limitations period in "extraordinary circumstances." *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir.1998). In order to qualify for such equitable tolling, the petitioner must present "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir.1998).  In making this determination, it should be noted that the Fifth Circuit has expressly held that proceeding *pro se,* illiteracy, deafness, lack of legal training, unfamiliarity with the legal process, and claims of actual innocence are insufficient reasons to equitably toll the statute of limitations. *Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir.2000).

As a general rule, equitable tolling has historically been limited to situations where the petitioner "has actively pursued his judicial remedies by filing a defective proceeding during the statutory period, or where the [petitioner] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed.2d 435 (1990).  Furthermore, equitable tolling cannot be used to thwart the

intent of Congress in enacting the limitations period. *See Davis*, 158 F.3d at 811 (noting that "rare and exceptional circumstances" are required). At the same time, the Court is aware that dismissal of a first federal habeas petition is a "particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." *Lonchar v. Thomas,* 517 U.S. 314, 324, 116 S. Ct. 1293, 134 L. Ed.2d 440 (1996).

Movant has presented nothing to show that he is entitled to equitable tolling.  He filed his § 2255 motion 1280 days beyond the limitations period; accordingly, it should be denied and his case dismissed.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(B).  Although Movant has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed.2d 542  (2000).  In cases where

4

a district court rejected constitutional claims on the merits, the movant must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003).   When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a COA should issue when the movant shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604). Accordingly, it is respectfully recommended that the Court find that Movant is not entitled to a certificate of appealability as to his claims.

## Recommendation

It is recommended that the above-styled motion  for relief under 28 U.S.C. § 2255 be denied and that this case be dismissed with prejudice.  It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except

on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 11th day of October, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE